UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC W. BRYSON,                                  Case No. 15-12352

            Plaintiff,                      Thomas L. Ludington
v.                                               United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                 Stephanie Dawkins Davis
                                                 United States Magistrate Judge

            Defendant.
_____/

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 11, 12)**

I.      **PROCEDURAL HISTORY**

      A.      Proceedings in this Court

On June 30, 2015, plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Thomas L. Ludington referred this matter to Magistrate Judge Michael Hluchaniuk, which was subsequently reassigned on January 5, 2016 to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claims. (*See* Text-Only Order of reassignment, dated 1/5/2016). This matter is before the Court on cross-motions for summary judgment. (Dkt. 11, 12). The cross-motions are now ready for report and recommendation.

B.     Administrative Proceedings

Plaintiff filed the instant claim for Title II child's insurance benefits

(Disabled Adult Child ["DAC"] benefits)[1] on June 4, 2012.  (Dkt. 7-4, Pg ID 171-

173).  On June 11, 2012, plaintiff also protectively filed an application for

Supplemental Security Income ("SSI").  (Dkt. 7-4, Pg ID 165-170).  In both

applications, plaintiff alleged a disability beginning June 10, 2009.  The

Commissioner initially denied plaintiff's disability applications on October 22,

2012.  (Dkt. 7-3, Pg ID 88-109).  Thereafter, plaintiff requested an administrative

hearing, and on February 13, 2014, he appeared with counsel before

Administrative Law Judge ("ALJ") Janet L. Alaga-Gadigian, who considered his

case *de novo*.  (Dkt. 7-2, Pg ID 61-86).  In a February 24, 2014 decision, the ALJ

determined that plaintiff was not disabled from June 10, 2009, his alleged onset

date, through February 24, 2014, the date of the decision.  (Dkt. 7-2, Pg ID 57).

Plaintiff requested a review of this decision, and the ALJ's decision became the

final decision of the Commissioner when, after the review of additional exhibits,[2]

---

[1]  According to 42 U.S.C. § 402(d), the adult child of an individual entitled to old age or disability benefits may be entitled to child insurance benefits if he is under a disability, as defined in § 423(d), that began before he turned age 22.  *See* 20 C.F.R. § 404.350.

[2]  In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 248 (6th Cir. 1996).  Therefore since district court review of the administrative record id limited to the ALJ's decision, which is the

the Appeals Council on May 8, 2015, denied plaintiff's request for review. (Dkt. 7-2, Pg ID 1-5); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Dkt. 11) be **GRANTED IN PART AND DENIED IN PART**, that Defendant's Motion for Summary Judgment (Dkt. 12) be **GRANTED IN PART AND DENIED IN PART**, and that, pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner of Social Security be **AFFIRMED IN PART AND REVERSED IN PART,** and **REMANDED** for additional proceedings consistent with this recommendation.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born on April 27, 1989, and was 21 years old as of the date of his alleged onset. (Dkt. 7-2, Pg ID 47). The highest level of schooling that plaintiff completed was the seventh grade, and he never obtained a general education degree. (*Id.* at 68-69). Plaintiff received social security benefits as a minor for what appears to be a severe learning disability and borderline intellectual functioning, but these benefits ceased when he turned 18. (Dkt. 7-2,

---

final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

Pg ID 51). Plaintiff alleges that his disability continued into his adulthood and, due to a combination of his impairments, he is disabled. Plaintiff reports that he has never held a full-time job, therefore, the ALJ determined that plaintiff had no relevant past work history. (*Id*. at 69).

The ALJ applied the five-step disability analysis to plaintiff's claims and first concluded that plaintiff had not attained age 22 as of June 10, 2009, the alleged onset date, thereby making him potentially eligible for DAC benefits. (Dkt. 7-2, Pg ID 47). The ALJ found at step one that claimant had not engaged in substantial gainful employment since the alleged onset date. (Dkt. 7-2, Pg ID 47). At step two, the ALJ found that plaintiff had the following severe impairments: history of specific learning disability and borderline intellectual functioning; psychosis; and depressive disorder. (*Id*.) At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments. (*Id*.)

The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following non-exertional limitations: the claimant should avoid climbing ladders, ropes or scaffolds, hazardous machinery, and unprotected heights. Additionally, he is limited to unskilled job as defined in the DOT with SVP levels of 1 or 2, with simple and routine tasks, and does not involve production rate work or tandem tasks. He

4

> should have only occasional contact with the general
> public, co-workers, and supervisors.

(*Id*. at 50).  At step four, the ALJ determined that plaintiff had no past relevant

work.  (*Id*. at 56).  At step five, the ALJ concluded that based on plaintiff's age,

education, work experience and RFC, there were jobs that existed in significant

numbers in the national economy that plaintiff could perform and, therefore, he

had not been under a disability at any time from the alleged onset date (June 10,

2009) through the date of the ALJ's decision.  (*Id*.)

      B.    <u>Plaintiff's Claims of Error</u>

      1.    The ALJ did not properly assess plaintiff's physical RFC

Plaintiff's chief complaint is that a physician has never performed an

assessment of his physical RFC.  According to plaintiff, this assessment is crucial

to determining whether he can perform past work, or any other type of work in the

national economy.  *See* 20 C.F.R. §§ 404.1520(e)(f), 416.920(e)(f).  The ALJ

determined that plaintiff retained the RFC to perform all exertional levels of work

with certain limitations.  However, according to plaintiff, there is nothing in the

record upon which the ALJ bases her opinion.  Instead, the ALJ has merely

compiled her own RFC.  Indeed, "ALJs must not succumb to the temptation to

play doctor and make their own independent medical findings." *Rohan v. Chater*,

98 F.3d 966, 970 (7th Cir. 1996).  Plaintiff argues that this court should reverse

the ALJ's findings as they are contrary to the controlling legal standards and/or are unsupported by substantial evidence in the record.

2.      The ALJ did not properly assess plaintiff's mental RFC

Plaintiff next claims that his history of specific learning disability and borderline intellectual functioning, psychosis, and depressive disorder were not properly considered in the RFC assessment.  Plaintiff says that he has difficultly managing his day-to-day affairs and often forgets to take his own medicine.  He further suffers from a well-documented learning disability, receiving disability benefits until he reached age 18.  He further has a history of auditory hallucinations that would make it difficult to focus without interruptions or mistakes.  Plaintiff argues that while the ALJ concluded that he has the mental capacity to perform unskilled work (Dkt. 7-2, Pg ID 50), nowhere in the decision does the ALJ express limitations in terms of plaintiff's work-related functions.  As such, a remand is necessary.

3.      Substantial evidence does not support a finding that plaintiff can perform sustained work activities.

Plaintiff next argues that the overall record supports a conclusion that his severe medical conditions preclude any sustained work activities.  Plaintiff first argues that his statements regarding his symptoms should carry more weight.  In addition, plaintiff's GAF score of 50, while in some cases may show an ability to

work, when coupled with his learning disability, inability to concentrate or comprehend instructions, and hallucinations, add up to an individual who is unable to sustain work activities.

4.   The ALJ committed reversible error as *res judicata* does not apply

Plaintiff previously applied for child insurance benefits and supplemental security income benefits on February 9, 2009.  His claim was denied on June 9, 2009.  (Dkt. 11, Pg ID 369-70).  Plaintiff did not appeal this decision.  Instead, plaintiff says that he waited until the current application to reapply for benefits. Plaintiff argues that good cause exists to reopen the prior matter where a procedural error, including his failure to file a timely appeal to the 2009 determination, is rooted in his mental disability.

C.   The Commissioner's Motion for Summary Judgment

The Commissioner argues that the ALJ's decision is supported by substantial evidence and is free of harmful legal errors, therefore, a judgment should be entered in favor of the Commissioner.  The Commissioner notes that plaintiff provides very little medical evidence to support his DAC and SSI claims. 20 C.F.R. §§ 404.1512(a),(c), 416.912(a), (c) (noting that it is plaintiff's burden to provide medical evidence establishing that he is disabled).

1.   Substantial evidence supports the ALJ's physical RFC assessment

In this case there was no physician assessment in the record that recommended any limitations, let alone greater limitations than those assessed by the ALJ. The Commissioner therefore argues that under the circumstances, the ALJ properly assessed plaintiff's RFC based on the evidence that *was* available to her—plaintiff's testimony, third party statements, and very limited treatment records, which reflected no significant physical impairments and relatively mild objective mental status findings. Ultimately it was plaintiff's burden to produce evidence establishing a more-restrictive RFC, which he did not do. Because the medical evidence "shows relatively little physical impairment" during the relevant period, the ALJ was entitled to "render a commonsense judgment about functional capacity," even without a physician's assessment that aligned directly with her RFC findings. *See Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (citing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). The Commissioner alternatively argues that even if the court finds that the ALJ erred by not basing her physical RFC findings on a particular medical opinion, remand would not be appropriate in this case because plaintiff cannot present any credible evidence supporting additional limitations than those stated in the RFC.

> 2.    Substantial evidence supports the ALJ's mental RFC findings

The Commissioner contends that the ALJ specifically addressed the

functional impact of plaintiff's mental impairments by restricting him to simple,

routine, unskilled work that "does not involve production rate work or tandem

task" and requires "only occasional contact with the general public, co-workers,

and supervisors". (Dkt. 7-2, Pg ID 50).  The Commissioner contends that the

ALJ's mental RFC finds direct support in State agency psychologist Dr. Edward

Czarnecki's opinion that plaintiff did not have any limitations that would preclude

unskilled work.  According to the Commissioner, where the record does not

include an opinion from a treating source, or examining source, indicating that

plaintiff is disabled, or identifying limitations, an ALJ is entitled to rely on the

findings of the state agency consultant.  *See Johnson v. Comm'r of Soc. Sec.*, No.

11-14644, 2013 WL 812081, at *6 (E.D. Mich. Feb. 12, 2013), *aff'd*, 2013 WL

811788 (E.D. Mich. Mar. 5, 2013).  Plaintiff says that the ALJ overlooked his

auditory hallucinations; however, the Commissioner says that plaintiff relies

merely on his subjective testimony.  Indeed, says the Commissioner, plaintiff fails

to address the numerous reports that his alleged auditory hallucinations diminished

or resolved during the course of treatment (*e.g.*, Dkt. 7-7, Pg ID 235, 256, 257,

263, 264, 271, 320, 337).  Likewise, plaintiff makes no attempt to reconcile his

claim that the hallucinations were disabling with evidence that he maintained close

personal relationships, participated in a range of daily activities (*e.g.*, Dkt. 7-7

230-31, 244-45, 262), and appeared relatively normal upon objective examination

(*e.g.*, Dkt. 7-7, 237, 238, 252, 257, 258, 263, 264, 267, 274, 279, 308, 320, 334, 337).

> 3. Substantial evidence supports the ALJ's conclusion that plaintiff could sustain work activities consistent with his RFC

The Commissioner says that plaintiff's argument on this point is essentially a rehashing of his arguments that the ALJ did not properly weigh the evidence. With respect to plaintiff's GAF scores, the Commissioner says that GAF scores may have little to no bearing on a claimant's social and occupational functioning and are therefore given little value. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006). With respect to the cases that plaintiff cites regarding the requirements for light and sedentary work, the Commissioner says that they are inapplicable as plaintiff has not presented any credible evidence of any exertional limitations, much less limitations severe enough to invite a comparison with cases where the claimant's physical limitations restricted them to sedentary and light work.

> 4. Plaintiff has waived his *res judicata* argument

Plaintiff's prior claims for DAC and SSI were denied on June 9, 2009 and he did not appeal those determinations. Here, the ALJ determined that *res judicata* applied to the prior determinations that plaintiff was not disabled as of June 9, 2009, and that he did not show good cause to re-open those claims. (Dkt.

7-2, Pg ID 44-45). Plaintiff now claims that mental disability contributed to his failure to appeal the 2009 determinations; however, plaintiff cites no evidentiary support for that position. As such, the Commissioner asks the court to waive this argument. However, even if the court were to consider plaintiff's argument on this point, the Commissioner says that plaintiff is not entitled to the relief sought because this court lacks jurisdiction to review the ALJ's decision absent a colorable constitutional challenge. Indeed, plaintiff has the burden of showing both mental incapacity and the lack of competent representation. *Anderson v. Comm'r of Soc. Sec.*, 195 F. App'x 366, 369 (6th Cir. 2006).

## III. DISCUSSION

### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.

1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters*, 127 F.3d at 528. In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting

credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial

13

evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become

14

1:15-cv-12352-TLL-SDD   Doc # 13   Filed 08/08/16   Pg 15 of 27   Pg ID 415

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.

> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe

> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates."  *Colvin*, 475 F.3d at 730.

   "Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

16

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis</u>

        1.    The RFC Assessment

Plaintiff first argues that the ALJ erred because the physical RFC

assessment is not based on a medical opinion, rather the ALJ relied on her own

independent medical findings which is contrary to controlling legal standards. The

undersigned recognizes that the final responsibility for deciding the RFC "is

reserved to the Commissioner." 20 C.F.R. § 404.1527(d). Nevertheless, courts

have stressed the importance of medical opinions to support a claimant's RFC, and

have cautioned ALJs against relying on their own expertise in drawing RFC

conclusions from raw medical data. *See Isaacs v. Astrue*, 2009 WL 3672060, at

*10 (S.D. Ohio 2009) ("The residual functional capacity opinions of treating

physicians, consultative physicians, and medical experts who testify at hearings

are crucial to determining a claimant's RFC because '[i]n making the residual

17

functional capacity finding, the ALJ may not interpret raw medical data in
functional terms.'"), quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 908,
912 (N.D. Ohio 2008); *see also Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)
("As a lay person, however, the ALJ was simply not qualified to interpret raw
medical data in functional terms and no medical opinion supported the [RFC]
determination."); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) ("By
independently reviewing and interpreting the laboratory reports, the ALJ
impermissibly substituted his own judgment for that of a physician; an ALJ is not
free to set his own expertise against that of a physician who presents competent
evidence.").  As the *Deskin* court explained:

> An ALJ is not qualified to assess a claimant's RFC on
> the basis of bare medical findings, and as a result an
> ALJ's determination of RFC without a medical advisor's
> assessment is not supported by substantial evidence.
> Where the "medical findings in the record merely
> diagnose [the] claimant's exertional impairments and do
> not relate these diagnoses to specific residual functional
> capabilities such as those set out in 20 C.F.R. §
> 404.1567(a) ... [the Commissioner may not] make the
> connection himself."

*Deskin*, 605 F. Supp. 2d at 912, quoting *Rohrgerg v. Apfel*, 26 F. Supp. 2d 303,
311 (D. Mass. 1998) (internal citation omitted)[2]; *see also Mitsoff v. Comm'r of
Soc. Sec.*, 2013 WL 1098188, *8 (S.D. Ohio 2013) (collecting cases).

Here, the ALJ determined that plaintiff had the RFC to perform:

18

> a full range of work at all exertional levels but with the
> following non-exertional limitations: the claimant should
> avoid climbing ladders, ropes or scaffolds, hazardous
> machinery, and unprotected heights. Additionally, he is
> limited to unskilled job as defined in the DOT with SVP
> levels of 1 or 2, with simple and routine tasks, and does
> not involve production rate work or tandem tasks.  He
> should have only occasional contact with the general
> public, co-workers, and supervisors.

(Dkt. 7-2, Pg ID 50).  The Commissioner argues that the ALJ did not err because

she synthesized the evidence that plaintiff introduced, including his own

testimony, third-party testimony, and very limited treatment records.  The

Commissioner says that under the circumstances, the ALJ acted within her zone of

choice as allowed by *Deskin* to "render a commonsense judgment" regarding

plaintiff's very limited (if any) physical impairments, despite the lack of a

physician's assessment that aligned directly with her RFC findings.  *Mitsoff*, 2013

WL 1098188, *9, citing *Deskin*, 605 F. Supp. 2d at 912 ("To be sure, where the

medical evidence shows relatively little physical impairment, an ALJ permissibly

can render a commonsense judgment about functional capacity even without a

physician's assessment.").

     The undersigned has reviewed the ALJ's RFC assessment regarding

plaintiff's physical limitations, together with the record evidence and concludes

that the ALJ did not err.  To begin, plaintiff did not provide any medical opinion

from the relevant period that establishes any functional limitations arising from

any physical impairments.  Unequivocally, it is claimant who bears the burden of establishing the existence of a disability.  *See* 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled. You must provide evidence, without redaction, showing how your impairment(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your claim.").

Because there was no relevant medical opinion indicating that plaintiff had significant physical limitations, the ALJ reasonably considered the evidence that plaintiff had presented including, his testimony, third party statements, and very limited treatments records, though the court notes that most of the records presented focused on plaintiff's mental health issues which will be assessed in the next section.  Importantly, plaintiff did not allege any physical impairments in his initial DAC or SSI applications (Dkt. 7-6, Pg ID 182), and it does not appear that he sought treatment for any physical conditions during the relevant time period. Plaintiff may have indicated that he has "flat feet", but mental health providers have consistently noted that his posture and gait are normal.  (Pg. ID 7-7, Pg ID 231, 258, 264, 279, 288).  Additionally, when asked at a February 2014 hearing whether he had any physical problems, plaintiff responded simply: "My thumbs, I like [to] eat them, bit them up."  (Dkt. 7-2, Pg ID 79).

This Court has determined that it is not *per se* error for an ALJ to not cite a medical opinion in formulating an RFC assessment. Indeed, "ALJs can make their own functional capacity determinations from the medical evidence when a claimant has little physical impairment." *Wyatt v. Comm'r of Soc. Sec.*, 2013 WL 4483074, at *16 (E.D. Mich. Aug. 19, 2013) (citing *Mitsoff*, 2013 WL, at *9) ("The Court recognizes there are limited occasions when the medical evidence is so clear, and so undisputed, that an ALJ would be justified in drawing functional capacity conclusions from such evidence without the assistance of a medical source.")). In fact, this case is not one where the ALJ was interpreting raw medical data and translating it into functional terms – because there simply was no medical source opinion regarding plaintiff's physical limitations at all. *See Woelk v. Comm'r of Soc. Sec.*, No. 13-12411, 2014 WL 2931404, *8 (E.D. Mich. May 15, 2014) (citing *Deskin*, 605 F. Supp. 2d at 912). Rather, here, there were very few (if any) physical impairments during the relevant time period and the ALJ was able to make a commonsense judgement about plaintiff's physical RFC based on the evidence plaintiff provided. As such, the undersigned finds that the ALJ did not err in the physical limitations assessment of the RFC.

Plaintiff also claims that the ALJ erred by not properly assessing his history of specific learning disability, borderline intellectual functioning, psychosis, and depressive disorder as a part of the mental RFC assessment. The ALJ addressed

21

the functional impact of plaintiff's mental limitations by restricting him to

unskilled work:

> as defined in the DOT with SVP levels of 1 or 2, with
> simple and routine tasks, and does not involve production
> rate work or tandem tasks. [Further, h]e should have only
> occasional contact with the general public, co-workers,
> and supervisors.

(Dkt. 7-2, Pg ID 50).  The Commissioner says that the ALJ's mental RFC finds

direct support in State agency psychologist Dr. Edward Czarnecki's opinion

wherein he concluded that plaintiff did not have any limitations that would

preclude unskilled work.  The Commissioner indicates that where there is no

treating source, or examining source, indicating that a claimant is disabled, or

identifying limitations, an ALJ does not err by relying on the findings of the state

agency consultant.  *See Johnson v. Comm'r of Soc. Sec.*, No. 11-14644, 2013 WL

812081, at *6 (E.D. Mich. Feb. 12, 2013), *aff'd*, 2013 WL 811788 (Mar. 5, 2013).

Here, though, the ALJ expressly states that he only gave "some weight" to Dr.

Czarnecki's opinion.  (Dkt. 7-2, Pg ID 54).  The ALJ notes that Dr. Czarnecki is

neither a treating or examining physician and that he provided his assessment

before the completion of the record.  *Id.*  As such, the ALJ continues, "[Dr.

Czarnecki] was not privy to the entire record, including the testimony of the

claimant."  *Id.*  The ALJ then independently assesses plaintiff's mental health

records and testimony from the time of Dr. Czarnecki's evaluation in October

22

2012, until the time the ALJ rendered his opinion in February 2014 in fashioning plaintiff's mental RFC. This is simply not permitted by *Deskin*. 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008); *see also Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functional terms and no medical opinion supported the [RFC] determination."); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985). Considering the above, this matter must be remanded so that the ALJ can obtain an updated opinion of a medical advisor to assess the severity of plaintiff's mental impairments and any resulting functional limitations, as well as to conduct the assessment required by 20 C.F.R. § 416.920a(e).

Because the Court is recommending a remand of plaintiff's mental RFC assessment, the undersigned will not opine on plaintiff's argument regarding whether substantial evidence supports a finding he can maintain sustained work activities. Indeed, the Court agrees with the Commissioner that this argument essentially repackages plaintiff's RFC claims. Because an updated medical advisor opinion is required that may modify plaintiff's mental RFC, and ultimately his ability to sustain full-time competitive work, the court declines to opine on this issue now.

> 2.   *Res Judicata*

Plaintiff filed prior claims for DAC and SSI on June 9, 2009 and he did not

appeal those determinations.  (Dkt. 7-3, Pg ID 88-107).  The ALJ determined that

those prior decisions were "final and binding."  (Dkt. 7-2, Pg ID 44-45).  More

specifically, the ALJ determined

> that the doctrine of *res judicata* applies to the issue of
> disability prior to the date of the prior final decision,
> however, the undersigned will consider *de novo* the facts
> and issues relating to the period that was not adjudicated
> in that final decision. Under the doctrine, the
> Administrative Law Judge may deny the request to hear
> a subsequent disability claim if it involves the same title
> of the Social Security Act as a previous claim, and if the
> same parties, facts and issues are involved in both the
> prior and subsequent claims. However, since the
> subsequent claim involves deciding whether the claimant
> is disabled during a period that was not adjudicated in
> the final determination on the prior claims, namely after
> June 9, 2009, the Administrative Law Judge will
> consider the facts and issues *de novo* in determining
> disability with respect to the un-adjudicated period.

(Dkt. 7-2, Pg ID 45).  Plaintiff claims that his mental disability contributed to his

ability to appeal the 2009 decisions; however, plaintiff makes no effort to flesh out

this argument.  In this court, "issues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed waived. it

is not sufficient for a party to mention a possible argument in the most skeletal

way, leaving the court to . . . put flesh on its bones." *See McPherson v. Kelsey*,

125, F.3d a 989, 995-96 (6th Cir. 1997).

Notwithstanding, as pointed out by the Commissioner, ordinarily federal

24

courts do not have jurisdiction to review an ALJ's decision not to re-open a prior application. *Anderson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 366, *2 (6th Cir. Aug. 11, 2006). The exception is where a claimant is able to make a colorable constitutional claim. *Id.* The Sixth Circuit has held that a colorable constitutional claim is presented where the claimant's mental capacity prevented him or her from pursuing administrative remedies. *Id.*; *Wills v. Sec'y, Health and Human Servs.*, 802 F.2d 870, 873 (6th Cir.1986) (citing *Califano v. Sanders*, 430 U. S. 99, 107-08, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977)). However, Social Security Ruling (SSR) 91-5p instructs that a colorable mental incapacity claim is established when "coupled with a showing of lack of anyone legally responsible for prosecuting the claim." *Anderson*, 195 Fed. App'x at *2. Here, the undersigned concludes that plaintiff has simply failed to present facts sufficient for this court to determine whether it has jurisdiction to proceed–that is, plaintiff has not met his burden of showing both mental incapacity and the lack of someone legally responsible for prosecuting his claim.

## IV.   RECOMMENDATION

For the reasons set forth above, Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Dkt. 11) be **GRANTED IN PART AND DENIED IN PART**, that Defendant's Motion for Summary Judgment (Dkt. 12) be **GRANTED IN PART AND DENIED IN PART**, and that, pursuant to 42

U.S.C. § 405(g), the decision of the Commissioner of Social Security be

**AFFIRMED IN PART AND REVERSED IN PART,** and **REMANDED** for

proceedings consistent with this recommendation.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: August 8, 2016                    s/Stephanie Dawkins Davis
                                        Stephanie Dawkins Davis
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 8, 2016, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system, which will send electronic
notification to all counsel of record.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov